L. ROBERT MURRAY
United States Attorney
JEREMY A. GROSS (WY Bar #7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY  82003-0668
Telephone: 307-772-2124
jeremy.gross@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BRETT HEMRY, Individually and as Next Friend of FRANCINE HEMRY; GENALYN HEMRY, Individually and as Next Friend of FRANCINE HEMRY, and FRANCINE HEMRY, a minor child,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT R. COOKE, BRETT M. TILLERY, and JOHN DOE 1 through JOHN DOE 10, agents and servants of the Sheriff of Park County Wyoming; and BRADLEY M. ROSS, MEHRAN AZIZIAN, and JOHN DOES 11 through 20, agents and servants of the National Park Service, United States Department of the Interior,<br><br>　　　　　Defendants. | Case No. 0:21-cv-00136-ABJ |

## FEDERAL DEFENDANTS' RESPONSE TO STATE DEFENDANTS' MOTION TO STAY DISCOVERY

Federal Defendants Brad Ross and Mehran Azizian, through undersigned counsel, respond to the State Defendants' motion to stay (Doc. 49) as follows:

1. The Federal Defendants agree with the State Defendants that a stay of proceedings is appropriate. Such a stay would prevent undue prejudice to the Federal Defendants while they pursue their interlocutory appeal before the Tenth Circuit Court of

Appeals. A stay is further warranted given the limited jurisdiction of the District Court while the appeal is ongoing.

2. In their motion to dismiss, the Federal Defendants asserted qualified immunity as a defense to suit. (Docs. 14 & 14.1). After the Court's Order granting in part and denying in part the Defendants' motion, the Federal Defendants filed an interlocutory appeal challenging that decision. (Docs. 31, 35).

3. The filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990). When the appeal is interlocutory, like one based on a denial of qualified immunity, "the central issue in the appeal is the defendant's asserted right not to have to proceed to trial. The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place." *Id*. at 576. "[A]n interlocutory appeal from an order refusing to dismiss on double jeopardy or qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Id*.

4. This jurisdictional limitation makes fundamental sense in the qualified immunity context because "a public official's entitlement to qualified immunity for actions not in violation of clearly established law 'is an entitlement not to stand trial or face the other burdens of litigation. ... The entitlement is an *immunity from suit* rather than a mere defense to liability; and, like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' " *Id*. at 575.

5. Similarly, piecemeal discovery related to the Plaintiffs' claims against the State Defendants is likely to unfairly prejudice the Federal Defendants. The Supreme Court recognized the danger of proceeding in piecemeal fashion:

> "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."

*Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009).

For these reasons, the Federal Defendants join the State Defendants' request to stay proceedings until the interlocutory appeal before the Tenth Circuit is resolved.

Dated this 9th day of February 2022.

Respectfully Submitted,

L. ROBERT MURRAY
United States Attorney

By: _____
JEREMY A. GROSS
Assistant United States Attorney