**FILED**



2:39 pm, 2/11/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

BRETT HEMRY, Individually and as Next
Friend of F.M.H., GENALYN HEMRY,
Individually and as Next Friend of F. M. H.,
and F.M.H., a minor child,

        Plaintiffs,

VS.                                                                            Case No.  21-cv-00136-ABJ

 ROBERT R. COOKE, BRETT M.
TILLERY, and JOHN DOE 1 through JOHN
DOE 10, agents and servants of the Sheriff of
Park County Wyoming; and BRADLEY M.
ROSS, MEHRAN AZIZIAN, and JOHN
DOES 11 through 20, agents and servants of
the National Park Service, United States
Department of the Interior,

        Defendants.

---

### ORDER GRANTING STATE DEFENDANTS' MOTION FOR STAY, ECF No. 49

THIS MATTER comes before the court on State Defendants' *Motion for Stay*.

Having considered the filings, applicable law, and being otherwise fully advised, the

court finds State Defendants' *Motion for Stay*—ECF No. 49—should be **GRANTED**.

On November 12, 2021, this court entered an order partially denying State and

Federal Defendants' motions to dismiss. ECF No. 31 at 22. In that order, the court

granted Defendants qualified immunity on Mr. Hemry's false arrest claim but denied

qualified immunity on Mrs. Hemry's false arrest claim. ECF No. 31 at 22. The court also

denied Defendants qualified immunity on Plaintiffs' excess force claim. ECF No. 31 at 22.

Federal Defendants appealed that order on January 10, 2020. ECF No. 35. That appeal is pending. State Defendants did not appeal. But they moved to stay the case pending resolution of Federal Defendants' appeal. ECF No. 49.

District courts have the power to stay proceedings. *See Landis, et al. v. North American Co.*, 299 U.S. 248, 254 (1936). "In assessing the propriety of a stay, a district court should consider whether defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

The court finds a stay appropriate here because Plaintiffs have not argued, or otherwise shown, that a stay will cause them substantial harm. Also, State Defendants may be impacted by the Tenth Circuit's resolution of Federal Defendants' appeal. So the court sees no reason to bifurcate the discovery process and potentially set multiple trials over the same incident. For that reason, in the interest of judicial economy, the court finds a stay appropriate in this manner.

For these reasons, it is **ORDERED** State Defendants' *Motion for Stay*—ECF No.

49—is **GRANTED.**

Dated this 11th day of February, 2022.

Alan B. Johnson
United States District Judge